Brady, J.
The result of this controversy depended upon the disposition of a question of fact. The plaintiff, as assignee of Lizzie Wilson, claimed the value of certain articles of personal property connected with a passenger elevator which the latter caused to be added to her demise from the defendant. It was made and located under a written con- . sent thereto given by the defendant, and which provided as follows:
“ And in case I do not purchase said elevator at the termination of her lease, the said Lizzie Wilson may remove the said elevator upon her putting -the premises in the condition they were in prior to the putting in of said elevator and before the termination of her lease.”
The elevator was not wholly paid for at the expiration of the term and defendant bought it from the vendors of Mrs. *569 Wilson. A month before the expiration of the lease, the son of the defendant sought Mrs Wilson and told her to leave upon the premises anything she wished to have and they would do what was right, that he wanted the elevator and would do what was fair. This Mrs. Wilson testified, and further, that, after the expiration of the term, which took place in May, 1884, and in October of that year, she called upon the defendant and asked her what she intended to do about the fixtures, and the defendant answered that she understood her son had bought the elevator, and she thought everything was paid for, but she found it was not, and she would have her son notify Otis Brothers and have it appraised , and she would do whatever was fair in the matter and settle with her. The appraisment having been made, and notice thereof having been received by Mrs. Wilson, she went again to see the defendant, when the latter said not only that she was perfectly satisfied with the appraisment but would have her son prepare a note which she would sign. This was in pursuance of an agreement to accept such a note in payment by the assignor. These statements thus made were to some extent denied by the defendant and her son, but not so emphatically by the latter, so far as he was concerned. The evidence must be regarded as in conflict, therefore, and the questions at issue to call properly for the province of a jury. We cannot say from a perusal of the testimony that the verdict was against the weight of evidence or that wrong was done. When, as is generally the case, controversies are distinguished by diverse statements, the disposition made by juries of the disputed facts must prevail, and it rarely happens that their findings are disturbed.
It must be further said that this case presents only an issue of fact. There are no legal questions that require more than a moment’s consideration. The defendant complains that the agreement as to purchase is alleged to have been in October, 1884, after the expiration of the term and after the time had expired during which the defendant had the right to remove the fixtures, and therefore after they had become her property, and notwithstanding which the plaintiff was permitted to show an agreement made prior to the expiration of the demise and during the time when the right to remove existed. When the objection was made and overruled the defendant did not ask any relief on the ground of surprise, but rested upon the exception taken to the admissibility of the evidence.
The liberal provisions of the Code and their construction have destroyed the value of such an exception, and although the rule work in some cases the *570 general effect is consonant with -justice. Such a variance is not necessarily fatal.
The defendant denies the authority of the son to charge her, but assuming that to be so she clearly ratified his acts, -and thus made them valid and binding.
The defendant presents also questions as to the right of the assignor as lessee to remove the adjustments necessary to make the elevator useful, and although they might have some force if abstractly considered, they have none herein, for the reason that the defendant requested they should be left, promising she would do what was right, and what was right was ascertained by appraisement, as we have seen.
The defendant having evidently designed to purchase the elevator, it is not unreasonable to suppose that she wanted the adjustments, and the jury were doubtless influenced by that element of the case. The right of the lessee to remove the elevator and all things appertaining to it, it should be further observed, was secured by the written consent of the defendant, to which attention has already been called. The suggestion that the statute of frauds applies because the purchase was of property exceeding fifty dollars in value cannot be entertained. The property was delivered and accepted when the agreement was made, and this established the liability of the defendant.
These views are of course based upon the findings of the jury.
No error having been discovered, the judgment appealed from must be affirmed, with costs.
Van Brunt, P. J., and Daniels, J., concur.